UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

_____

In re:

THOMAS WILLIAM O'HARA,

        Debtor.

_____/

THOMAS O'HARA,

        Plaintiff,

v.

MERCANTILE BANK OF WEST
MICHIGAN,

        Defendant.

_____/

Case No. 24-00151-swd
Chapter 7
Hon. Scott W. Dales

Adv. Pro. No. 24-80017

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                   Chief United States Bankruptcy Judge

On November 14, 2024, in Grand Rapids, Michigan, the court conducted the Rule 16[1] conference in the above-captioned matter. The court previously adjourned the conference in an order and on the record in part to give the plaintiff, Thomas William O'Hara ("Plaintiff"), the opportunity to consider his future involvement in this litigation following the conversion of his main bankruptcy case from chapter 13 to chapter 7 in May and find substitute counsel.[2] *See* Order

---

[1] Because most of the Federal Rules of Civil Procedure apply in adversary proceedings (per Part VII of the Federal Rules of Bankruptcy Procedure) the court will refer to any federal rule of procedure in the text of this Order simply as "Rule __," relying on the numbering conventions within the rulesets to signal the intended rule.

[2] During a hearing in the base case, the Plaintiff's former counsel, Scott F. Smith, Esq., suggested that his client may no longer have standing as plaintiff in this adversary proceeding. Mr. Smith has withdrawn from representing the Plaintiff in this adversary proceeding.

Establishing Dates for 7026(f) Conference, Filing Discovery Plan and Scheduling Pretrial Conference (ECF No. 7); Order Adjourning Pretrial Conference (ECF No. 9).

At the pretrial conference, defendant Mercantile Bank of West Michigan ("Defendant") appeared through counsel, but the Plaintiff did not appear. At the pretrial conference, the court and counsel discussed the procedural posture of this proceeding given the conversion of the Plaintiff's main bankruptcy case to chapter 7, including whether the Plaintiff has standing to seek relief regarding the validity of the Defendant's alleged mortgage on real estate commonly known as 2820 Division Street, Grand Rapids (the "Property") – Counts I through III of the Complaint. The court and counsel also discussed the Plaintiff's standing to pursue relief under Count IV, which depends on 11 U.S.C. § 522(h) with respect to the exemption he claimed in the Property under § 522(b)(3) and M.C.L. § 600.5451(1)(m).

After a brief discussion, given these concerns and the Plaintiff's failure to attend the Rule 16 conference, Defendant's counsel orally moved to dismiss for failure to prosecute under Rule 41(b) and Rule 9013 (authorizing oral motions during hearing). The court took the Defendant's oral motion under advisement.

Later that morning, during the evidentiary hearing to consider the objection by chapter 7 trustee Lisa E. Gochá ("Trustee") to the Plaintiff's claim of an exemption in the Property, the court announced its intention to sustain the objection, obviously impacting Count IV's cause of action by determining that the Plaintiff cannot exempt any interest in the Property. The court indicated that in ruling on the Rule 41(b) motion, it would also consider the effect of sustaining the Trustee's objection to the exemption claimed in the Property.

Having considered the circumstances, the court will grant the Defendant's Rule 41(b) motion for failure to prosecute and take appropriate action as contemplated in Rule 16(c)(2). In

ruling on the matter, the court considered the conversion of the Plaintiff's bankruptcy case to chapter 7, the entry of the Order dated November 14, 2024 sustaining the Trustee's exemption to exemption in the Property, and the Plaintiff's failure to attend the Rule 16 conference.

First and foremost, the Plaintiff did not appear, making it impossible to consider his views in connection with the Rule 16 conference and establishing a failure to prosecute his Complaint. He did not telephone the court in advance of the pretrial conference to request an adjournment or take other steps consistent with an intent to prosecute his claims (such as filing a Rule 26(f) report). Indeed, as noted above, his prior counsel suggested on the record several months ago that the Plaintiff likely lacks standing to pursue relief on the estate's behalf, at least as to Counts I through III.[3]  This may explain the Plaintiff's waning interest in his adversary proceeding and makes the Plaintiff's continued prosecution of his first three counts problematic, if not frivolous at this point. Fed. R. Civ. P. 16(c)(2) (court may simplify issues by "eliminating frivolous claims").

Second, the court's decision to sustain the Trustee's objection to the Plaintiff's claimed exemption in the Property clearly dooms Count IV, even assuming the Defendant's lien on the Property that the Plaintiff sought to avoid is the product of an involuntary transfer as § 522(g)(1) and (h) require.  Continued pursuit of Count IV would be a fool's errand after the court disallowed the exemption in the Property.  11 U.S.C. § 522(h) (authorizing a debtor to avoid specified transfers under certain conditions, "to the extent that the debtor could have exempted such property under subsection (g)(1) of this section . . .").

---

[3] After conversion to chapter 7, the Plaintiff no longer enjoys a trustee's power under § 363 with respect to the Property and loses the right to remain in possession of it.  The Trustee is now the only representative of the estate with authority over the Property, *Compare* 11 U.S.C. §§ 323(a) and 704(a)(1) with §§ 1303 and 1307(b).  The Plaintiff, however, admittedly resides in the Property and at the time of filing his Complaint he had exemption rights in it (subject to objection).  The court's concerns about his statutory standing, therefore, do not undermine the court's subject matter jurisdiction.

Under the circumstances, the court will grant the Defendant's motion to dismiss for failure to prosecute under Rule 41(b) after narrowing the issues under Rule 16(c)(2).  Under Rule 41(b), the court regards the dismissal as an "adjudication on the merits" of the Complaint.  Fed. R. Civ. P. 41(b).  The court will direct the Clerk to enter a separate document as Rule 58 requires.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Defendant's oral motion to dismiss the adversary proceeding for failure to prosecute under Rule 41(b) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall prepare and enter a separate judgment dismissing the adversary proceeding on the merits.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Thomas O'Hara (by first class U.S. Mail at his address of record), Peter D. Rhoades, Esq., Lisa E. Gochá, Esq., and the U.S. Attorney (by first class U.S. Mail).

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 14, 2024**



Scott W. Dales
United States Bankruptcy Judge